| | |
|---|---|
| **LOGAN COUNTY DISTRICT COURT**<br>District Court, Logan County, Colorado<br>110 North Riverview Road<br>Sterling, CO 80751<br>(970) 522-6565 | DATE FILED<br>September 19, 2024 9:37 AM<br>FILING ID: A6986C849DEDA<br>CASE NUMBER: 2024CV30061 |
| **PRISCILLA ZAFFUTO f/n/a PRISCILLA HARRIS**<br>Plaintiff,<br><br>v.<br><br>**HD DEVELOPMENT OF MARYLAND, INC., HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT and ROSE PAVING, LLC**<br>Defendants. | ♦COURT USE ONLY♦ |
| Sam Cannon # 46132<br>Megan McDonald #56945<br>The Law Office of Sam Cannon, LLC<br>320 Maple Street #115<br>Fort Collins, CO 80521<br>Telephone: (970) 471-7170<br>Fax: +1(970) 360-2684<br>*sam@cannonlaw.com*<br>*megan@cannonlaw.com* | CASE:<br><br>DIVISION: |

# COMPLAINT AND JURY DEMAND

Plaintiff by and through her attorneys, The Law Office of Sam Cannon and for her Complaint against the Defendants, states as follows:

## PARTIES

1. Plaintiff, Priscilla Zaffuto is an individual residing in Sterling, Logan County, Colorado.
2. Defendant, HD Development of Maryland, Inc. is a Maryland corporation authorized to do business in the state of Colorado with a principal office street address of 2455 Paces Ferry Road, Atlanta, GA 30339.

3. Defendant, Home Depot U.S.A. Inc. d/b/a The Home Depo is a Delaware corporation authorized to do business in the State of Colorado with a principal office street address of 2455 Paces Ferry Road, Atlanta, GA 30339.

4. Defendant Rose Paving, LLC is a Delaware corporation authorized to do business in the state of Colorado with a principal office street address of 7300 W 100th Pl., Bridgeview, IL 60455-2414.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over all Defendants and the subject matter of this case pursuant to C.R.S. § 13-1-124(1)(b).

6. Venue is proper in this court pursuant to C.R.C.P. 98, as the events which are the subject matter of this action occurred in Denver County, Colorado.

**GENERAL ALLEGATIONS**

7. According to the Logan County Assessor's Office, Defendant, HD Development of Maryland, Inc. bought 1614 W Main St., Sterling, CO 80751 aka LOT 2 BALLPARK ROAD HOME DEPOT FILING NO 1 RESUB OF LOT 2 (hereinafter "the Property") on or about October 23, 2006.

8. Upon information and belief, information which is solely in the possession of Defendants, Defendant HD Development of Maryland, Inc. has authorized Defendant Home Depot U.S.A to use the Property for retail purposes.

9. Upon information and belief, information which is solely in the possession of Defendants, Defendant Home Depot U.S.A. entered a master service agreement with Defendant Rose Paving, LLC to repair asphalt at its retail locations, including at the Property, that was in effect on or around the time of the incident that gives rise to this case.

**The Incident**

10. On September 24, 2022, Plaintiff drove an electric scooter through the parking lot on the Property around dusk.

11. At the time Plaintiff was on the Property, the Home Depot store located on the Property was open to the public.

12. Plaintiff was using the parking lot as HD Development of Maryland, Inc. and Home Depot U.S.A (Herein after "the Home Depot Defendants") expected and/or intended the public to.

13. Therefore, Plaintiff was an invitee within the meaning of C.R.S. § 13-21-115.

14. Upon entering the parking lot on the Property, Plaintiff slowed her vehicle as she approached a stop sign and cross walk near the front doors to the Home Depot store on the Property.

15. Prior to getting to the stop sign, Plaintiff unexpectedly hit an unmarked raised area of asphalt that caused her to be ejected from her scooter.

16. The raised area of asphalt appeared to be intended to act as a speed bump but was not marked as a speed bump.

17. Due to being ejected from her scooter, Plaintiff sustained injuries, damages and losses including a head injury, pelvic fracture, pelvic ring fracture, and left acetabular fracture.

18. At all relevant times, the Home Depot Defendants were landowners within the meaning C.R.S.§ 13-21-115.

19. At all relevant times, the Home Depot Defendants were responsible for the conditions of the Property and/or activities conducted or circumstances existing on the property.

20. Upon information and belief, information which is solely in the possession of the Defendants, Home Depot hired Rose Paving, LLC to do work on the asphalt at the Property on or about the time of the Incident.

21. Upon information and belief, information which is solely in the possession of the Defendants, Rose Paving, LLC was the one who created the unmarked raised asphalt that Plaintiff hit and caused her to be ejected from her scooter on September 24, 2022.
22. Rose Paving, LLC had a duty to either make sure the asphalt was level where they were working or warn the public of the dangerous condition of the unmarked raised area.
23. The Home Depot Defendants had a duty to warn the public of dangerous conditions on the Property.
24. The raised asphalt on the Property was unmarked by either being painted yellow or by signs being posted.
25. The unmarked raised asphalt caused a hazard to the public on the Property.
26. This hazard was known to and in fact created by the Defendants.
27. Defendants failed to provide notice or warning to the public about this hazard.
28. Defendants knew or should have known that the unmarked raised asphalt was a hazard and could be dangerous to the public.
29. Defendants knew or should have known of the hazard created by the unmarked raised asphalt.
30. Reasonable parties in Defendants position would have alerted the public to the raised asphalt by painting the raised asphalt or placing signs near the raised asphalt to warn customers, invitees, or licensees.
31. The unmarked area of raised asphalt was a danger on the Property within the meaning of C.R.S. § 13-21-115, the Colorado Premises Liability Act.
32. As direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered and will continue to suffer injuries, damages and losses including, but not limited to, economic

suffering, inconvenience, emotional stress, loss of income, loss of earning capacity, impairment of the quality of life, and physical impairment and disfigurement.

## ***FIRST CLAIM FOR RELIEF***
### ***(Premise Lability as to Home Depot Defendants)***

33. Plaintiff incorporates all previous allegations herein.

34. At all relevant times, the Home Depot Defendants were landowners within the meaning of C.R.S. § 13-21-115 in that they were the title holders of the Property, were in possession of the Property, or were legally responsible for the condition of the Property.

35. Plaintiff was an invitee on the Property in that she was using the Property as the public was intended or expected to use it

36. In the alternative, Plaintiff was a licensee on the Property.

37. The Home Depot Defendants knew or should have known of the unmarked area of raised asphalt on the property or, in the exercise of reasonable care, should have known of it.

38. The Home Depot Defendants knew or should have known that the unmarked area of raised asphalt was dangerous.

39. The Home Depot Defendants failed to exercise reasonable care to protect Plaintiff and the public against the dangers on the property in that they failed to either ensure that there were no areas of raised asphalt or that it was clearly marked.

40. The Home Depot Defendants' failure was a cause of Plaintiff's injuries, damages and losses.

41. As a direct and proximate result of the above-described act and/or omissions of the Home Depot Defendants, Plaintiff suffered harms and losses including medical expenses, loss of income, physical impairment, pain and suffering, physical and mental distress, loss of enjoyment of life, and loss of earning capacity.

**SECOND CLAIM FOR RELIEF**
**(*Negligence as to Rose Paving, LLC*)**

42. Plaintiff incorporates all previous allegation herein.

43. Upon information and belief, information which is solely in the possession of the Defendants, Defendant Rose Paving, LLC was hired by Home Depot to work on the asphalt at the Property.

44. Defendant Rose Paving, LLC was not on the Property working on the asphalt at the time of the Incident.

45. Defendant Rose Paving, LLC had a duty to either make sure the asphalt was level where they were working or warn the public of the dangerous condition of the raised asphalt.

46. Defendant Rose Paving, LLC failed to either ensure the asphalt was level or warn the public of the dangerous condition of the raised asphalt prior to completing their work.

47. Due to Rose Paving, LLC failing to ensure the asphalt was level or failing to warn the public of the danger posed by the raised asphalt, Plaintiff was injured.

48. Plaintiff's injuries are due to the acts and omission of Defendant Rose Paving, LLC. Specifically, Defendant Rose Paving, LLC failed to provide warnings to the public of the raised asphalt and/or failed to ensure the pavement was level prior to leaving the Property and/or completing their work.

49. As a direct and proximate result of Defendant Rose Paving, LLC's negligence, Plaintiff has suffered and will continue to suffer injuries, damages and losses including, but not limited to, economic suffering, inconvenience, emotional stress, loss of income, loss of earning capacity, impairment of the quality of life, and physical impairment and disfigurement.

**THIRD CLAIM FOR RELIEF**
***(Premises Liability – in the alternative – as to Rose Paving, LLC)***

50. Plaintiff incorporates all previous allegations herein.

51. In the event it is determined that Rose Paving, LLC was a landowner with respect to the Property at the time of the Incident as defined under C.R.S. § 13-21-115, Defendant Rose Paving, LLC is liable under the premises liability act.
52. In the alternative, to the extent it is determined that Rose Paving, LLC had possession of the Property at the time of the Incident, Rose Paving, LLC was a landowner within the meaning of C.R.S. § 13-21-115.
53. Plaintiff was an invitee on the Property because she was using the Property as the public was intended or expected to use it.
54. In the alternative, Plaintiff was a licensee on the Property.
55. Defendant Rose Paving, LLC knew or should have known of the dangerous condition of the unmarked raised area of asphalt on the property or, in the exercise of reasonable care, should have known of it.
56. Defendant Rose Paving, LLC failed to exercise reasonable care to protect Plaintiff and the public against the danger posed by the unmarked raised asphalt on the property.
57. Defendant Rose Paving, LLC's failure was the cause of Plaintiff's injuries, damages and losses.
58. As a direct and proximate result of the above-described act and/or omissions of Defendant Rose Paving, LLC, Plaintiff suffered harms and losses including medical expenses, loss of income, physical impairment, pain and suffering, physical and mental distress, loss of enjoyment of life, and loss of earning capacity.

## JURY DEMAND

Plaintiff hereby demands that all issues of fact be tried to a jury.

WHEREFORE, Plaintiff asks the Court for judgment against Defendants and for reasonable compensatory damages, for costs incurred, interest as allowed by law, attorneys' fees as allowed by law and for such other and further relief as the Court deems just and proper.

DATED: September 19, 2024.

**THE LAW OFFICE OF SAM CANNON**

*s/Megan McDonald*
Megan McDonald

Plaintiff's address:
Priscilla Zaffuto
c/o Cannon Law
320 Maple Street #115
Fort Collins, CO 80521